**UNITED STATES of America**

v.

**Bruce CUTLER, Defendant.**

**No. 91 CR 1189(TCP).**

United States District Court,
E.D. New York.

June 24, 1992.

Andrew J. Maloney, U.S. Atty. by John J. Gallagher, Sp. Prosecutor, Corbin Silverman & Sanseverino, New York City, for U.S.

Frederick P. Hafetz, Susan R. Necheles, Robert Heilbrun, Goldman & Hafetz, New York City, for defendant.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendant has moved, pursuant to 28 U.S.C. § 455(a), to recuse all of the judges of the Eastern District of New York from presiding over his criminal contempt trial and to either transfer this action to the Southern District of New York or to a judge from the United States Court of Appeals for the Second Circuit. For the reasons that follow, defendant's motion must be denied.

### BACKGROUND

This case has its genesis in the case *United States v. John Gotti, et al.*, 90 CR 1051 (E.D.N.Y. Glasser, J.). Defendant served as Mr. Gotti's trial counsel in that case until July 1991 when Judge I. Leo Glasser disqualified defendant from serving as such. *See United States v. Gotti*, 771 F.Supp. 552 (E.D.N.Y.1991). Due to what he perceived to be numerous violations of Local Criminal Rule 7[1], Judge Glasser signed an order on November 4, 1991 appointing John Gallagher, pursuant to Federal Rule of Criminal Procedure 42(b) and the court's inherent authority, as the special prosecutor:

---

1. It is alleged that defendant violated three orders issued by Judge Glasser that directed all counsel to comply with Local Criminal Rule 7. Local Criminal Rule 7, entitled "Free Press—Fair Trial Directives," provides in part:

It is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which a lawyer or law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

Local Criminal Rule 7(a). The rule also provides that lawyers "shall not release or authorize the release of any extrajudicial statement" that is likely to be publicly disseminated concerning the "character or reputation of the accused," *id.* (1), the "credibility of prospective witnesses," *id.* (4), and "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case." *Id.* (6).

to prosecute, on behalf of the United States, Bruce Cutler for criminal contempt in that Bruce Cutler intentionally and wilfully violated the orders of this court and Local Criminal Rule 7. In the event the prosecutor appointed hereby determines to initiate such prosecution, he shall specify the basis for the criminal contempt prosecution in an order to show cause.

On March 18, 1992, the special prosecutor requested that Judge Glasser sign an order to show cause as to why the defendant should not be held in criminal contempt. Judge Glasser signed this order on April 27, 1992 and on May 8, 1992, without providing any reasons, Judge Glasser recused himself from this case. Pursuant to Rule 50.4 of the Eastern District's Guidelines for the Division of Business, this case was then reassigned by random selection to this Court.

Defendant was arraigned on May 15, 1992 and entered a plea of "not guilty." Defendant then made the present motion requesting that this Court as well as the entire bench of the Eastern District of New York be recused from this matter pursuant to 28 U.S.C. § 455(a).

DISCUSSION

Defendant argues that recusal of the Eastern District is required because this District is functioning as both the prosecutor and the judge in this action. In defendant's view, this situation has arisen because Judge Glasser was the individual who initiated the criminal proceeding and because this Court will preside over the contempt trial and may in fact act as the jury since, as stated in the order, the punishment imposed may not exceed six months imprisonment. In addition, defendant argues that in the course of the contempt trial, this Court may have to judge the validity of Judge Glasser's "complaint" against defendant.

Furthermore, defendant argues that "should this case remain in the Eastern District of New York, 'a reasonable person could question whether a judge in this district might be affected in ruling, either consciously or subconsciously, by friend-ship or a spirit of collegiality or because of the relationship of judges on the same bench.'" Defendant's Memorandum of Law at 7 (hereinafter "Defendant's Memo.") (quoting United States v. Singer, 575 F.Supp. 63, 68 (D.Minn.1983)). In support of this argument, defendant points to "the fact that in public perception there is animus between Judge Glasser and Mr. Cutler" which could result in the public doubting "the ability of Judge Glasser's close colleagues to be absolutely impartial." Defendant's Memo. at 8. Defendant argues that the perception of animus developed due to Judge Glasser's decision to disqualify defendant from acting as Mr. Gotti's trial counsel, defendant's subsequent public criticism of Judge Glasser and finally, Judge Glasser's decision to initiate this contempt proceeding.

Defendant is careful to note that he is not claiming that this Court or any other member of this District would not be impartial or that actual bias or impartiality exists; rather, defendant focuses on the appearance of impropriety raised by this case and "whether an objective observer would conclude that the strength of the personal and professional relationships between judges in the same district might, in this case, mitigate against complete impartiality." Id. at 9.

In response to the special prosecutor's argument that this motion is untimely and that defendant is "forum shopping," defendant counters that his intention to file this motion was made at the earliest possible time—at defendant's initial appearance before this Court. In addition, defendant also argues that it would not have been possible to make such a motion before the order to show cause was signed because there was no case pending before the order was signed and defendant did not know the substance of the order to show cause because it was submitted ex parte with defendant receiving a copy only after it was signed.

The special prosecutor argues against recusal of this Court and the Eastern District because the Second Circuit, in both United States v. Pilsbury, 866 F.2d 22 (2d Cir.

1989) and *United States v. Lumumba*, 794 F.2d 806 (2d Cir.), *cert. denied*, 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125 (1986), expressly approved of reassigning criminal contempt trials to another judge within the same district as the judge who held the defendants in contempt. In both cases, the Court had already found the defendants in contempt when the cases were remanded and the contemptuous conduct took place in front of the judge who initially found the defendants in contempt. The special prosecutor argues that the situation presented here differs because Mr. Cutler has not yet been found in contempt and consistent with the provisions of Federal Rule of Criminal Procedure 42(b), Mr. Cutler will be given an opportunity to be heard. Also, in this case the alleged contemptuous conduct took place outside of Judge Glasser's presence, thus avoiding the situations that arose in *Pilsbury* and *Lumumba* where the second judge had to pass on conduct that another judge had personally witnessed and determined contemptuous.

Recusal is also not warranted, the special prosecutor argues, simply because of the fact that the judges on this bench are colleagues of Judge Glasser. In addition, the special prosecutor asserts that defendant has not come forward with any facts demonstrating that any of the judges in this District could not handle this matter in an impartial manner. Finally, the special prosecutor charges defendant with forum shopping by filing the recusal motion in an untimely manner. According to the special prosecutor, defendant knew that an order to show cause might have been signed as early as November 1991, but defendant waited until the case was reassigned to this Court to file this motion. In the special prosecutor's opinion, this delay of over six months in waiting to file this motion violates the timeliness requirement that has been read into 28 U.S.C. § 455 in cases such as *In re International Business Machines Corp.*, 618 F.2d 923, 932 (2d Cir. 1980).

Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute deals with situations in which there is actual bias or impartiality and situations in which the public might reasonably question the judge's impartiality. The statute embodies an objective standard and is "designed to promote public confidence in the impartiality of the judicial process." H.R.Rep. No. 1453, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 6351, 6355. The aim of the statute was to set down a standard as to when recusal was appropriate, so as to increase public confidence in the judiciary, however, the statute was not designed to allow litigants to select their own judges. The legislative history cautioned: "[E]ach judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision.... Litigants ought not to have to face a judge where there is a reasonable question of impartiality, but they are not entitled to judges of their own choice." *Id.*

■ Thus, with this background in mind, the Second Circuit has recently stated that in deciding a recusal motion, the following questions should be asked:

> Would a reasonable person, *knowing all the facts*, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer *fully informed of the underlying facts*, entertain significant doubt that justice could be done absent recusal?

*United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992) (emphasis added; citations omitted). Thus, the focus is not on "the only partly informed man-in-the-street," *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989), and whether that individual would conclude that the judge is impartial, but rather the focus is on the reasonable person, who understands and knows all of the relevant facts, and whether that fully-informed individual would conclude that the judge is impartial. *See id.* (citations omitted); *Singer*, 575 F.Supp. at 67.

In *United States v. Ferguson,* 550 F.Supp. 1256 (S.D.N.Y.1982), Judge Edward Weinfeld determined that recusal was necessary. In that case, the defendants had filed numerous motions, including one to dismiss the indictment which was based, in part, on an allegation that the government had abused the grand jury process by withholding certain information from the grand jury. In response, the government submitted to Judge Weinfeld, for *in camera* review, portions of the grand jury testimony regarding this issue, which included the grand jury testimony of an Assistant United States Attorney, who had served as Judge Weinfeld's law clerk. After learning this fact, the defendants then filed a motion to recuse Judge Weinfeld arguing that the former law clerk's testimony would influence the Court's determination of the motions. Applying the objective standard, Judge Weinfeld determined that since "credibility is a vital issue," it was possible that the average person "might reasonably conclude that ... in some imperceptible manner [Pomerantz's] testimony will intrude itself and be considered with respect to the suppression motions." *Id.* at 1260. Based upon this analysis, Judge Weinfeld recused himself from the case pursuant to 28 U.S.C. § 455(a) because the appearance of a fair trial and impartiality could not be assured. *Id.* Unlike this case, in *Ferguson,* the credibility of Judge Weinfeld's former law clerk was a central issue, a situation more likely to cause the reasonable man to believe that the judge would not act in a fair and impartial manner.

Recusal under section 455(a) was also warranted where a judge had a criminal case assigned to him which was investigated while he was the United States Attorney. In addition, the judge had signed a number of official documents, including immunity agreements, thus leading "an objective observer to question" the judge's impartiality. *United States v. Pepper & Potter, Inc.,* 677 F.Supp. 123, 126 (E.D.N.Y. 1988). A district court judge also recused herself and the entire district in a case where the Chief Judge of the District could possibly be called to testify regarding allegations of prosecutorial misconduct. In that case, the Chief Judge had been quoted in the press concerning the case and while the Chief Judge may not have been called upon to testify, the specter of a District Court judge evaluating the Chief Judge's testimony justified recusal because of the public's perception that the judge might not act in a manner that was fair and impartial. *Singer,* 575 F.Supp. at 68.

Contrary to the situations presented in *Singer* and *Ferguson,* this Court will not be required to hear testimony from Judge Glasser and judge his credibility. In fact, at this point Judge Glasser's connection to this case is extremely tenuous. A special prosecutor was appointed to investigate the alleged contemptuous conduct and Judge Glasser, with the exception of the selection of the special prosecutor, played no part in the special prosecutor's investigation. Furthermore, the special prosecutor was the one who determined whether there was sufficient cause to bring an order to show cause against Mr. Cutler and the language in Judge Glasser's November 4th order, *"[i]n the event the prosecutor appointed hereby determines to initiate such prosecution,"* (emphasis added), highlights this fact. Judge Glasser's role with regard to the order to show cause was limited to signing the document. Finally, for two reasons, it will not be necessary for Judge Glasser to testify in this matter. First, Judge Glasser's rulings with respect to Local Rule 7 are contained in transcripts and more importantly, the alleged contemptuous conduct did not take place in Judge Glasser's presence and therefore, this Court will not be evaluating conduct that was made in response to rulings or statements by Judge Glasser.

On balance, this Court is persuaded that an average person on the street knowing all the relevant facts and circumstances would believe that this Court could be impartial in this matter. In reaching this conclusion, this Court takes into account the fact that the reasonable person would know that after the presentation of witnesses and evidence, this Court will determine whether defendant violated Local

Criminal Rule 7, a situation that only involves a question of law and does not involve issues of fact.[2] The reasonable person would also know that this Court will not be judging the validity of Judge Glasser's "complaint" nor will this Court be passing on conduct that occurred in Judge Glasser's presence. Rather this Court will solely be faced with the question of whether defendant's comments violated Local Criminal Rule 7.

Furthermore, the reasonable person would also know that the decision as to whether this Court should recuse itself is based upon whether there is a factual basis to support recusal and a reasonable basis to doubt this Court's impartiality, and is not based on "rumors, innuendos, and erroneous information published as fact in newspapers." *In re United States*, 666 F.2d 690, 695 (1st Cir.1981). Finally, the reasonable person would know that one of the most important rules of judging is that all cases are decided based upon an application of the relevant law to the facts and that the identities of the parties must not be taken into consideration.

Alternatively, assuming *arguendo* that this Court were to grant defendant's motion, he seeks to transfer this case to a judge in the Southern District of New York or to a judge for the United States Court of Appeals for the Second Circuit. This latter suggestion would seem less advisable than his motion to recuse all the judges of this District because not only do all of the Second Circuit Court of Appeals judges know Judge Glasser well but when it came time to appeal that judge's decision all of his/her colleagues would have to recuse themselves as well. Moreover, it is also true that most, if not all, of the Southern District judges (as well as those in the remaining Districts in this Circuit) are friends of Judge Glasser. Adoption of a principle or rule such as defendant proposes here would soon lead to a requirement that all appeals be taken to different Circuits in order to remove the outside possibility of an "appearance" of partiality or impropriety.

All judges, whether trial or appellate, are called upon on an almost daily basis to review the decisions of other judges regardless of whether they sit on the same or another court; it is a routine part of their work and friendship and collegiality plays no part in their decisions.[3]

The decision of whether recusal is required in a particular case is a "sensitive issue ... [that] requires a careful examination of [all] relevant facts and circumstances," *In re Drexel Lambert Burnham Inc.*, 861 F.2d at 1309, and based upon such an examination, this Court believes that the reasonable, fully-informed person would not doubt the impartiality of this Court or any members of this District with regard to this action.[4]

CONCLUSION

For the foregoing reasons, defendant's motion to recuse the Eastern District of New York and to transfer this action is denied.

SO ORDERED.

---

**2.** As stated in *State of Idaho v. Freeman*, 507 F.Supp. 706, 728 (D.Idaho 1981), when a case "presents only a question of law, as compared to finding facts or applying law to facts, then disqualification is much less appropriate."

**3.** The Second Circuit has recently addressed this particular issue. In *United States v. Colon*, 961 F.2d 41 (2d Cir.1992), the defendant argued that recusal of Judge Walker was required because the Second Circuit would be reluctant to reverse a sentence imposed by Judge Walker since he was now a member of that Court. The Second Circuit dismissed this argument stating: *"citation is not necessary to recall that this Court has not hesitated to exercise its oversight responsibilities without regard to the fact that the decision being reviewed was rendered by a member of our bench." Id.* at 44 (emphasis added). By the same token, there should be no reason to assume that this Court or any other judge of this Court would hesitate to exercise their responsibility without regard to the fact that the matter being reviewed involved a member of this bench.

**4.** Since this Court has determined that recusal is not required, we will not reach the issue of whether the recusal motion was filed in a timely manner.