**UNITED STATES of America,**
**Appellee,**

v.

**Bruce H. MASON, Defendant–**
**Appellant.**

No. 03–1796.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2004.

Thomas Theophilos, Buffalo, NY, for Defendant–Appellant.

Kevin P. Dooley, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Robert P. Storch, Senior Litigation Counsel, on the brief) Binghamton, NY, for Appellee.

Present: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

CORRECTED SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant–Appellant Bruce H. Mason appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) convicting him, after a bench trial, of one count of bank fraud, in violation of 18 U.S.C. § 1344(1); ten counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; one count of use of a fictitious name in a mail fraud scheme, in violation of 18 U.S.C. §§ 1342 and 2; one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of arson, in violation of 18 U.S.C. §§ 844(i) and 2; one count of use of fire to commit a felony, in violation of 18 U.S.C. §§ 844(h) and 2, and acquitting him of two counts of mail fraud. Mason appeals all but his conviction for bank fraud.

Mason argues that there was insufficient evidence to support his convictions. "We must affirm [Mason's] convictions if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. When reviewing a claim of insufficiency of the evidence, the standard of review is exactly the same regardless whether the verdict was rendered by a jury or by a judge after a bench trial. While a defendant shoulders a heavy burden in challenging the sufficiency of evidence supporting a conviction, we must be satisfied that after drawing all permissible inferences in favor of the government, a rational trier of fact could find that every element of the crime was established beyond a reasonable doubt." *United States v. Pierce,* 224 F.3d 158, 164 (2d Cir.2000). A thorough review of the transcripts of the nineteen-day bench trial and the relevant exhibits satisfies us that a

rational trier of fact could find that the government established every element of the charged crimes beyond a reasonable doubt. For the same reason, we reject Mason's argument that the District Court erred in failing to grant his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.

Mason also argues that his convictions should be reversed because Judge McAvoy was unduly biased because prior to Mason's trial Judge McAvoy had accepted a guilty plea from Mason's accomplice who testified against Mason at trial. Because Mason failed to make a recusal motion below, we review this claim for plain error. There was no error here, plain or otherwise. 28 U.S.C. § 455 asks whether an objective observer, informed of the underlying facts, would question the judge's impartiality. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir.2003). "[O]pinions formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings do not constitute a basis for recusal unless they indicate that the judge has 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. Diaz*, 176 F.3d 52, 112 (2d Cir. 1999) (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)). Because Judge McAvoy's acceptance of the accomplice's guilty plea "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible," *see Liteky*, 510 U.S. at 556, no objective observer could reasonably question the judge's impartiality in his presiding over Mason's case. *See Diaz*, 176 F.3d at 112; *United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992).

Finally, Mason argues that his conviction should be reversed because it was based on evidence obtained as a result of an illegal search and seizure. We reject these arguments for substantially the reasons set forth by the District Court in its ruling on Mason's pre-trial suppression motion.

We have considered all of Mason's arguments in support of his appeal and find them to be without merit. For the foregoing reasons, the District Court's judgment is AFFIRMED.