**UNITED STATES of America,**
**Appellee,**

v.

**Bruce H. MASON, Defendant–**
**Appellant.**

**No. 05–6560–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2006.

Thomas Theophilos, Buffalo, NY, for Appellant.

Paul D. Silver, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney, on the brief), United States Attorney's Office for the Northern

District of New York, Albany, NY, for Appellee.

Present: WILFRED FEINBERG, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Bruce H. Mason ("defendant") appeals from an order of the District Court denying his motion for a new trial based on newly discovered evidence under Fed.R.Civ.P. 33. We assume the parties' familiarity with the underlying facts and procedural history of the case. Substantially for the reasons stated by the District Court, we affirm.

Following a bench trial, defendant was convicted of, *inter alia*, arson, mail fraud, and use of fire to commit a felony; he was sentenced to a total of 180 months imprisonment. At trial, a government witness and former employee of defendant named Gary Edison testified that he had been hired by defendant to set defendant's place of business on fire in order to collect the insurance proceeds. The Government also presented forensic evidence of arson, evidence of defendant's financial circumstances prior to the fire, and evidence that defendant had disabled the alarm at his place of business. Defendant's conviction was affirmed on direct appeal by summary order. *See United States v. Mason*, 118 Fed.Appx. 544 (2d Cir.2004). He then filed a Rule 33 motion based on newly discovered evidence that, he claims, could have been used to impeach Edison's testimony or reveals that Edison actually committed "numerous discrete acts of perjury." The District Court denied the motion and a subsequent motion for reconsideration. This appeal followed.

We review the District Court's denial of defendant's motion "for abuse of discretion, upholding findings of fact that were made in the course of deciding the motion[ ] unless they are clearly erroneous." *United States v. Stewart*, 433 F.3d 273, 295 (2d Cir.2006). "[E]ven where newly discovered evidence indicates perjury, motions for new trials 'should be granted only with great caution and in the most extraordinary circumstances.' " *Id.* at 296 (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir.1992)). We agree with the District Court that the bulk of new evidence presented by defendant, even if it should have been disclosed by the Government and were to reveal that Edison committed perjury, would at most affect Edison's credibility, not contradict the core testimony made against defendant. *See United States v. Wong*, 78 F.3d 73, 82 (2d Cir.1996) (no new trial required where new evidence of perjury went to a "collateral issue" and was cumulative in any event). Defendant argues that even if the underlying subjects of the perjury were "collateral," the fact that defendant actually committed "numerous discrete acts of perjury" in court might have caused the fact-finder to doubt Edison's testimony altogether. This is not a case, however, where the alleged perjury occurred after the witness "had purportedly undergone a moral transformation and decided to change his ways" so that any evidence of perjury would be so devastating to the witness's credibility as to leave the whole of the testimony in doubt. *See United States. v. Wallach*, 935 F.2d 445, 457 (2d Cir.1991) (requiring a new trial where the witness lied about gambling). Rather, Edison was impeached on numerous grounds, including his criminal history, lies he had told to law enforcement officials, and admission of medical conditions that he claimed made him prone to false confessions.

We also find no error in the District Court's treatment of affidavits from acquaintances of Edison that claimed he had

recanted his testimony implicating defendant in the arson. We have stated that witness recantations must be regarded with the "utmost suspicion," *Ortega v. Duncan*, 333 F.3d 102, 107 (2d Cir.2003), and that "[t]he failure of a defendant to produce or explain the absence of an affidavit of a recanting witness may be sufficient grounds for denying a motion for a new trial," *United States v. DiPaolo*, 835 F.2d 46, 49 (2d Cir.1987). The District Court gave defendant ample time to produce an affidavit from Edison and, after considering defendant's explanations for not being able to do so, found these explanations unsatisfactory. Thus, we cannot say that the District Court abused its discretion in refusing to grant a new trial based on the affidavits, or in not holding an evidentiary hearing to ascertain whether defendant actually had recanted. We note as well that the alleged recantation took multiple forms—once denying only defendant's involvement in the arson, once disclaiming any involvement by either Edison or defendant—providing further reason to doubt its credibility. And although we have held that a "court must weigh all the evidence of perjury before it, including but not limited to the recantation" before concluding that no perjury occurred, *Ortega*, 333 F.3d at 107, we repeat that defendant has not submitted new evidence directly contradicting Edison's account of defendant's role in the fire provided at trial.

Finally, we agree with the District Court that the validity *vel non* of a defendant's waiver of a jury trial is not affected by a lack of knowledge regarding evidence that could be used to impeach a witness at trial. *Cf. United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (stating, in the context of a plea agreement, that a waiver is "knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it").

We have considered defendant's remaining claims and find them to be without merit. Accordingly, for substantially the reasons stated by the District Court, the order is **AFFIRMED**.