**UNITED STATES of America,**
**Appellee,**

v.

**Willie BLAND, Defendant,**

**Jenna Bronson, Defendant–Appellant.**

**No. 06–2417–cr.**

United States Court of Appeals,
Second Circuit.

March 25, 2008.

Jarod W. Smith, Mevek & Cognetti, Syracuse, NY, for Defendant–Appellant.

Elizabeth S. Riker (Carl G. Eurenius, Assistant United States Attorney, of counsel) for Glenn T. Suddaby, United States Attorney for the Northern District of Syracuse, NY, for Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

This is an appeal from a judgment of conviction entered on the plea of guilty by the defendant Jenna Bronson to Count 1 of a three-count indictment. She was charged in that count with conspiracy to possess with intent to distribute and to distribute crack cocaine (21 U.S.C. § 846). She was sentenced principally to a term of imprisonment of seventy-eight months. On this appeal, Bronson challenges her sentence, claiming that the district court erred when it imposed a two-level enhancement on the basis of a firearm that was found under her seat in her co-defendant's vehicle during her arrest. *See* U.S.S.G. § 2D1.1(b)(1).

The facts underlying the conviction are as follows. In the summer of 2005, Bronson assisted her co-defendant, Willie Bland, in bringing crack cocaine up from the New York City area and selling it in various cities in central New York, including Watertown. On August 17, 2005, Bronson and Bland were in Watertown to sell cocaine. That afternoon, drug task force agents stopped their vehicle. Bland consented to a search of the vehicle. A loaded semi-automatic pistol was found under the passenger seat where Bronson had been sitting. Bland and Bronson were arrested for criminal possession of a weapon. When Bronson was informed that she would be strip-searched as part of the processing of her arrest, she turned over two bags she had been hiding in her undergarments. One bag contained 18.1 grams of crack cocaine and the other contained 3.9 grams of cocaine. Bronson stated that Bland had handed her the drugs and the gun and told her to hide them, as they were being pulled over by the police. Bronson admitted that she had hidden drugs from the police on a previous occasion when she and Bland had been stopped by police while transporting crack cocaine to central New York from New York City. Bronson also admitted she had seen Bland with the pistol before, but said she did not know he had it with him that day.

On this appeal, Bronson argues that the district court violated the Sixth Amendment by imposing a two-point sentencing enhancement for firearm possession based upon facts not admitted nor proved to a jury beyond a reasonable doubt. Bronson signed a written plea agreement acknowledging that she understood that "the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the defendant or stipulated by the parties," and that these findings may be made "by a preponderance of the evidence ... including hearsay." This agreement aside, in *United States v. Vaughn*, 430 F.3d 518 (2d Cir.2005), *cert. denied*, 547 U.S. 1060, 126 S.Ct. 1665, 164 L.Ed.2d 405 (2006), we explicitly rejected a claim that sentencing enhancements must be proved beyond a reasonable doubt. We held that, while "elements of an offense must be tried to a jury ... facts relevant to sentencing may

---

* The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

be found by a judge" by a preponderance of evidence. *Id.* at 526. Moreover, "[b]oth the Supreme Court and this Court ... have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." *United States v. Martinez,* 413 F.3d 239, 242 (2d Cir.2005) (citing *Williams v. Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Williams v. New York,* 337 U.S. 241, 246–51, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)); *see also United States v. Orozco–Prada,* 732 F.2d 1076, 1085 (2d Cir.1984).

Bronson's argument that the possession of the gun by Bland was not foreseeable to her and that there was no nexus between the weapon found and the crime committed are without merit. On this record, there is no basis for upsetting the finding that it was more likely than not that the possession of the gun was foreseeable to her. Nor was the district judge required to accept her unsworn claim that she did not know that Bland was carrying the gun on the day she was arrested. Indeed, given the nature of her participation in the narcotics trafficking with Bland, it strains credulity that she was not aware of his possession of the weapon. Under these circumstances, we need not decide whether the fact that Bronson took very brief possession of the weapon, standing alone, would have been sufficient to support imposition of the firearm enhancement.

With respect to the issue of the nexus between the weapon and the narcotics trafficking, there is the unchallenged fact that Bland bought the pistol to protect himself and his drugs. This is more than sufficient to establish a "nexus" between the firearm and the drug conspiracy. The fact that the gun was loaded and apparently within easy reach while Bland and Bronson were transporting drugs reinforces this correlation. Indeed, guns are a well known tool of the narcotics trade. *See United States v. Salazar,* 945 F.2d 47, 51 (2d Cir.1991) ("narcotics dealers frequently carry weapons"), *United States v. Gilliard,* 847 F.2d 21, 25 (1st Cir.1988) (firearms "tools of the trade" of drug traffickers).

Bronson's final claim that the seventy-eight month sentence offends the Eighth Amendment's proscription against cruel and unusual punishment is frivolous. Indeed, the only reason the term of imprisonment exceeded the mandatory minimum is that her pre-trial release criminal activity cost her a three-level reduction in the offense level that she would have otherwise been entitled to for entering a timely plea of guilty and accepting responsibility. Nevertheless, we note that, during the pendency of the appeal, the United States Sentencing Commission lowered the Sentencing Guidelines for crack cocaine offenses. The United States Attorney acknowledges that, if the amendment had been in effect when Bronson was sentenced, her range of imprisonment under the Sentencing Guidelines would have been 63–78 months instead of 78–87 months, although she could not have been sentenced below the mandatory five-year minimum. The United States Attorney has also acknowledged that "it is possible that the sentencing court would have given her a lower sentence if [this] amendment had been in effect."

Subsequent to this concession, the Sentencing Commission authorized sentencing judges to apply the amendment retroactively. *See* U.S.S.G. § 1B1.10(b), (c). We have held that any relief available to a defendant as a result of a retroactive amendment to the Sentencing Guidelines is by way of a motion pursuant to 18 U.S.C. § 3582(c)(2) and not by way of a direct appeal from the sentence. *See United States v. Colon,* 961 F.2d 41, 45–46 (2d Cir.1992). This case involves an added

wrinkle, which derives from *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). There, the Supreme Court held that a sentencing judge is free to consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses in determining whether, "in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Id.* at 564 (citing 18 U.S.C. § 3553(a)). Subsequently, in *United States v. Regalado,* 518 F.3d 143 (2d Cir. 2008), which involved a direct appeal from a pre-*Kimbrough* sentence, and "[w]here the defendant ha[d] not preserved the argument that the sentencing range for the crack cocaine offense fails to serve the objectives of sentencing under § 3553(a)," we held that a remand was required to give the district court "an opportunity to indicate whether it would have imposed a non-Guidelines sentence knowing that it had discretion to deviate from the Guidelines to serve those objectives." *Id.* at 149.

*Regalado* specifically acknowledged the recently reduced base level associated with each quantity of crack by two levels, the Sentencing Commission's decision to give that change retroactive effect, and the fact that "district courts now have jurisdiction pursuant to 18 U.S.C. § 3582(c)(2) to decide in the first instance whether to modify previously-imposed sentences where the cocaine ranges on which they were based have subsequently been lowered." *Id.* at 150–51. Nevertheless, the case was remanded to the district court. As *Regalado* explained:

> In considering the present appeal, we recognize that whether we remand now or consign Regalado to seeking relief by motion, the ultimate result may well be the same. There are certain factual equivalencies between deciding whether one would have imposed a non-Guidelines sentence with broader discretion to deviate from the Guidelines, and arriving at a different sentence by a different Guidelines computation entirely (which might obviate the need to exercise that discretion). At the same time, it makes little sense to allow a judgment to become final even though the district court would not have imposed it in light of its now better defined powers so that the same essential question can be presented by motion. Therefore, the best course is to remand to the district court.

*Id.*

The same remedy is appropriate here. The sentence in this case preceded *Kimbrough,* and the defendant did not raise the disparity between crack and powder cocaine in challenging the reasonableness of the range of imprisonment under the Sentencing Guidelines. The sentence imposed was within the crack-cocaine sentencing range, as enhanced by two levels for possession of a weapon. Even without that enhancement, the sentencing range would have been 63–78 months, and the low end of the range would have exceeded the mandatory minimum sentence by three months. We cannot be sure that the district court would have imposed the same sentence had it been aware of its discretion to deviate from the Sentencing Guidelines for crack cocaine if necessary to serve the objectives of sentencing under 18 U.S.C. § 3553(a).

Consistent with *Regalado,* we **VACATE** the sentence and **REMAND** the case for further proceedings consistent with this order.