18-1361-cr
*United States v. Burks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand nineteen.

PRESENT:   ROBERT D. SACK
            PETER W. HALL
            CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,

_____

UNITED STATES OF AMERICA,

               *Appellee*,

       v.                                No. 18-1361-cr

MARIO BURKS,

               *Defendant-Appellant*

_____

| | |
|---|---|
| FOR APPELLANT: | Patrick J. Brown, Losi & Gangi, Buffalo, NY |
| FOR APPELLEE: | Tiffany H. Lee, Assistant United States Attorney *for* James P. Kennedy, Jr., United States Attorney for the Western District of Rochester, New York, NY |

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Mario Burks's 48-month term of imprisonment imposed by the district court is **VACATED** and the case is **REMANDED** for resentencing.

Defendant-Appellant Mario Burks appeals from the judgment of the United States District Court for the Western District of New York (Arcara, *J.*) sentencing him principally to 48 months' imprisonment. On appeal, Burks contends that the district court's calculation of drug quantity was not supported by a preponderance of the evidence, rendering the sentence procedurally unreasonable. We agree and vacate the sentence. We provide a brief description of the underlying facts and procedural history as relevant to this decision, but otherwise assume the parties' familiarity with the history and background of the case.

## I.   BACKGROUND

On July 15, 2011, the Erie County Sheriff's Department and Lackawanna Police Department Narcotics Unit executed a search warrant at Burks's apartment in Buffalo, New York. Officers found firearms and ammunition, and seized a total of 1.21 grams of cocaine residue from various narcotics packaging and processing materials at the apartment and an adjoining unit.

Burks was indicted on three counts of drug and firearms offenses, but ultimately pleaded guilty, pursuant to a plea agreement, to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In the Plea Agreement, Burks admitted that "prior to the police search, he knowingly and unlawfully possessed and distributed cocaine in ½ ounce and one ounce amounts."[1] App'x 24. The Plea Agreement states that the amount of cocaine attributable to Burks that "could be readily proven by the government" was less than 50 grams based on the amount of cocaine and other items seized and Burks's admission, resulting in an estimated Sentencing Guidelines range of 15–21 months' imprisonment. App'x 24. The Agreement states that Burks understood the district court was not bound by that calculation, but that neither party would recommend any other Guidelines range or a sentence inconsistent with the agreed-upon estimate of drug quantity.

The pre-sentence report ("PSR") recommended a drug quantity estimate attributable to Burks that was substantially greater than the maximum of 50 grams agreed to in the Plea Agreement. The PSR notes that police officers also seized $39,000 in cash from Burks's apartment on the day of his arrest. The PSR converted that amount to its "cocaine

---

[1] One ounce of cocaine weighs 28.35 grams.

equivalent" and arrived at a drug quantity estimate of 312 grams. Based on that drug quantity, the PSR recommended a Guidelines range of 41–51 months' imprisonment, to which Burks objected.

To resolve the dispute concerning drug quantity, the district court conducted an evidentiary hearing. An officer for the Lackawanna Police Department involved in the search testified that Burks's residence and the adjoining unit appeared to be "a manufacturing operation [for] turning cocaine into crack cocaine and break[ing] it down for distribution." App'x 86. The officer testified that police seized weapons and numerous items containing cocaine residue, including scales of multiple sizes, plates, bowls, freezer bags, and two "kilo wraps."[2]

At sentencing, the district court determined that the small amount of cocaine residue found in the apartment "does not reflect the scale of the possession with intent to distribute." App'x 125. In calculating drug quantity, the court relied on a statement in the search warrant application from a police confidential source that Burks sold drugs on "multiple occasions" during the six-month period before the search of Burks's residence to him and another individual for resale; Burks's admission in the Plea Agreement and during the plea colloquy that he had distributed cocaine in "ounce and a half quantities" before his residence was searched; and the seized cocaine-packaging and distribution materials, which suggested a large operation. App'x 126. The court explicitly did not rely on the cocaine-equivalent drug quantity calculation (based on the presence of $39,000 in cash in the apartment) that was the basis for the higher calculation of 312 grams in the PSR "in light of other reliable circumstantial evidence of relevant drug quantities in the record and to avoid any double counting." App'x at 128-29 However, it found that Burks's possession of $39,000 was evidence that he had the means to pay for a kilogram of cocaine for redistribution. The court also did not find that two kilograms of cocaine were attributable to the defendant based on the kilo wrappers, because "[s]ometimes, cocaine traffickers receive less than kilograms of cocaine in kilogram-sized wrappers that have already been broken open." App'x 127.

Applying a preponderance of the evidence standard, the court found the quantity of cocaine attributable to Burks was more than 500 grams but less than two kilograms. It calculated that amount was equivalent to "an approximate average of slightly more than three-quarters of an ounce per week and slightly less than three ounces per week" over the six-month period prior to the execution of the search warrant. App'x 129. It found that amount was reasonable in light of Burks's admissions, the buyer's testimony, and the

---

[2] A "kilo wrap" is a packaging material that has the capacity to hold one kilogram of cocaine.

physical evidence at Burks's home including weapons, drug processing and packaging materials, and cocaine residue.

Based on that drug quantity, the court calculated Burks's Guidelines range at 63–78 months, more than three times the 15–21-month range contemplated by the Plea Agreement. Ultimately, the court imposed a below-Guidelines 48-month sentence. Burks appealed his sentence.

## II.    DISCUSSION

On appeal, Burks contends that the district court erred in calculating the drug quantity attributable to him, rendering his sentence procedurally unreasonable. We review a sentencing decision for "reasonableness," which is akin to the deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007). At sentencing, the government bears the burden of proving drug quantity by a preponderance of the evidence. *United States v. Colon*, 961 F.2d 41, 43 (2d Cir. 1992). We review the court's drug-quantity calculation for clear error. *United States v. Jones*, 531 F.3d 163, 176 (2d Cir. 2008).

Burks's Plea Agreement stated that the government could "readily prove[]" less than 50 grams of drug quantity, based on the amount and items seized and Burks's admission. App'x 24. The district court found that amount "does not reflect the scale of the possession with intent to distribute." App'x 125. In cases where the quantity of drugs "seized does not reflect the scale of the offense," the Sentencing Guidelines require courts to "approximate" the quantity attributable to the defendant. U.S.S.G. § 2D1.1, Application Note 5. While approximations need not be exact, the court's underlying factual findings cannot be "predicated on surmise and conjecture." *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir. 1993) ("*Shonubi I*"). Instead, courts must engage in a "careful practice" of looking at "specific evidence—e.g., drug records, admissions or live testimony—to calculate drug quantities for sentencing purposes." *Id.* at 89.

The district court's approximation of a drug quantity of 500 grams to two kilograms was based on a clearly erroneous factual finding. Specifically, the court based its approximation, in part, on Burks's purported admission to selling cocaine in "ounce and a half quantities." App'x 126. However, the Plea Agreement reflects Burks's admission to selling cocaine in only "½ ounce and one ounce amounts." App'x 24.

It is not clear the extent to which the court's factual error affected Burks's sentence because the court did not clearly describe how it arrived at its quantity approximation. As the court noted, ample evidence, including admissions, the buyer's testimony, and physical evidence of a larger distribution operation, supported a finding that Burks was responsible

4

for a drug quantity in excess of the amount seized. It is simply not clear how much more. To support a drug quantity approximation, courts must rely on evidence that "points specifically to a drug quantity for which the defendant is responsible." *United States v. Shonubi*, 103 F.3d 1085, 1090 (2d Cir. 1997) ("*Shonubi II*"). While such evidence may be circumstantial or based on informed approximation, it must be "specific to the defendant" and provide information "regarding the quantity of illicit . . . goods." *United States v. Archer*, 671 F.3d 149, 162 (2d Cir. 2011) (emphasis added); *see also United States v. Pauling*, 924 F.3d 649, 657 (2d Cir. 2019) (in analogous context concerning proof required to satisfy element of charged crime, interpreting *Archer* to require "evidence from which quantity can, through inference, be logically approximated or extrapolated").

Here, the district court did not adequately describe how it inferred quantity from the evidence on which it relied.[3] To the extent that the court extrapolated quantity based on its calculation of sales of "slightly more than three-quarters of an ounce per week and slightly less than three ounces per week" over the six-month period leading up to the execution of the search warrant, it erred. App'x 129. The only evidence in the record from which to infer the frequency of drug sales was the testimony of the confidential source that Burks sold cocaine on "multiple occasions" over six months. App'x 126. That testimony is insufficient from which to extrapolate any particular frequency of sales, let alone weekly sales. *Cf. United States v. Blount*, 291 F.3d 201, 215-16 (2d Cir. 2002) (approving court's extrapolation of drug quantity based on witnesses' testimony concerning estimated frequency and approximate ranges of quantities of sales over known period); *United States v. Moreno*, 181 F.3d 206, 214, 214 n.3 (2d Cir. 1999) (same) (abrogated on other grounds). Absent any supportable basis for the court's calculation, its approximation appears to be impermissible "surmise and conjecture." *Shonubi I*, 998 F.2d at 90.

The court therefore clearly erred in approximating the drug quantity attributable to Burks. Although it ultimately imposed a below-guidelines sentence, the record does not allow for sufficient review to ensure that the court correctly calculated the Guidelines range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) (finding that ordinarily "a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a

---

[3] Although it could have, the court explicitly did not adopt the approach advocated by the PSR to calculate drug quantity based on the cocaine equivalent of the value of cash seized from Burks's residence, as noted above. *See Jones*, 531 F.3d at 175 (finding that "where . . . seized currency appears by a preponderance of the evidence to be the proceeds of narcotics trafficking, a district court may consider the market price for the drugs in which the defendant trafficked in determining the drug quantity represented by that currency").

different outcome."). We therefore remand to the district court to conduct a new calculation of drug quantity and to resentence Burks.

*   *   *

For the foregoing reasons, we **VACATE** the 48-month term of imprisonment imposed by the district court and **REMAND** for resentencing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court