**UNITED STATES of America,**
**Appellee,**

v.

**John NAPOLI, aka "Vince", aka John Bianco, Defendant–Appellant.**

**Docket No. 00–1763.**

United States Court of Appeals,
Second Circuit.

Jan. 29, 2002.

Peter R. Ginsberg, Washington, DC, for appellant.

Debra D. Newman, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present NEWMAN, KEARSE, Circuit Judges, and RAKOFF, District Judge*.

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant John Napoli, convicted of money laundering, wire fraud, and bank fraud offenses, appeals from a judgment of the United States District Court for the Eastern District of New York, Jacob Mishler, *Judge,* resentencing him following the remand in *United States v. Napoli,* 179 F.3d 1 (2d Cir.1999), *cert. denied,* 528 U.S. 1162, 120 S.Ct. 1176, 145 L.Ed.2d 1084 (2000), to, *inter alia,* 188 months' imprisonment, to be followed by a three-year term of supervised release, and ordering him to pay restitution in the amount of $1,199,400. On this appeal, Napoli argues principally that he is entitled to be resentenced again on the grounds that (a) the district court should have granted him a downward departure on account of his assistance to law enforcement officials, (b) the government violated his right to due process by making false statements at his resentencing hearing, and (c) his money laundering and fraud offenses should be grouped pursuant to a 2001 amendment to the Sentencing Guidelines ("Guidelines"). Finding no merit in his contentions, we affirm.

■ The district court's denial of a motion for a downward departure may be reviewed on appeal where the refusal to depart resulted from an erroneous interpretation of law, *see* 18 U.S.C. § 3742(a)(1), or was based on the court's erroneous view of the extent of its departure authority, *see generally United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993); *United States v. Richardson,*

923 F.2d 13, 15 (2d Cir.1991). Although Napoli suggests that the district court's failure to grant him a downward departure is appealable because the court did not consider the assistance he provided to state and local law enforcement officials, the record does not support his arguments. The court cited examples of Napoli's assistance; and in any event, the record contains no indication that the court misapplied the law or misapprehended its departure power. Accordingly, the denial of Napoli's request for a departure is not reviewable.

■ Napoli's additional contention that the district court should have made findings in support of its decision not to depart is meritless as a matter of law. Where the court's refusal to depart is not reviewable, the court is not required to state its reasons for refusing to depart. *See, e.g., United States v. Lawal,* 17 F.3d 560, 563 (2d Cir.1994); *United States v. Colon,* 884 F.2d 1550, 1555 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989).

■ Nor do we see merit in Napoli's due process claim. He asserts principally that at his resentencing the government misrepresented his assistance by describing a letter he had provided, which was used to prosecute another person, as merely "useful," while elsewhere the government called the letter "critical." This provides no basis for reversal. First, the government's statement at Napoli's resentencing was not false. Further, the government recommended that the court sentence Napoli at the low end of the applicable Guidelines range based on the usefulness of the letter, a recommendation that the court accepted. Given that the government, as was its prerogative, did not support Napoli's request for a downward departure, Napoli has not

shown any likelihood that he would have received a departure based merely on a different characterization of the letter's value. Napoli's other assertions that the government made misrepresentations at resentencing are likewise unpersuasive.

Finally, we reject Napoli's contention that his money laundering offenses should be grouped, for sentencing purposes, with his fraud offenses pursuant to Guidelines § 2S1.1 Application Note 6, added by Guidelines Amendment 634, which became effective on November 1, 2001. Guidelines amendments may be applied retroactively on direct review if they "clarify" a guideline, *United States v. Guerrero,* 863 F.2d 245, 249–50 (2d Cir. 1988), but not if they make a substantive "change[ ]," *United States v. Colon,* 961 F.2d 41, 44–46 (2d Cir.1992). Napoli's contention that Amendment 634 constituted a clarification rather than a substantive change is foreclosed by this Court's recent decision in *United States v. Sabbeth,* No. 00–1586, 2001 WL 1692857 (Jan. 11, 2002), which held that the change was "clearly substantive," *id.* at *3, and hence could not be applied retroactively, *see id.* at *5.

We have considered all of Napoli's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.