UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin BUTLER, Defendant–Appellant.

No. 06–50148.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed Feb. 23, 2007.

Becky S. Walker, Esq., Curtis A. Kin, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: T.G. NELSON, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Marvin Butler ("Butler") appeals his sentence following remand for a full resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We affirm in part, reverse in part, and remand for resentencing.

Under the 1995 version of the Sentencing Guidelines applicable to Butler, the district court erred in concluding it could not consider Butler's post-sentence rehabilitation as a basis for downward departure. *United States v. Green*, 152 F.3d 1202, 1207 (9th Cir.1998). Although in many instances such an error would be immaterial in a post-*Booker* world,[1] we cannot conclude the error was harmless in this case. While indicating a general

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Mohamed*, 459 F.3d 979 (9th Cir.2006), is applicable when the district court actually departs from the Guidelines, because even if the court had erred in calculating a "departure" under the Guidelines, it could have imposed the same sentence in its discretion after *Booker*. We conclude, however, that *Mohamed* has little application in this case, where the district court *did not* deviate from the applicable Guidelines range, perhaps misunderstood its ability to do so, and actually indicates it would have sentenced differently.

awareness it could sentence outside the Guidelines after *Booker,* the district court expressly indicated that it did not take into consideration Butler's successful participation in various Bureau of Prisons programs, and that if consideration of those post-sentencing factors was appropriate, "this Court would find defendant should be given credit for that under the guideline structure and would be a basis for departure."

 The district court did not err by refusing to group the fraud and money laundering counts. This was a correct interpretation of the 1995 Guidelines under this circuit's precedent in *United States v. Hanley,* 190 F.3d 1017, 1033 (9th Cir.1999), and *United States v. Taylor,* 984 F.2d 298, 303 (9th Cir.1993). When the addition of Application Note 6 regarding grouping is considered in the context of the entire 2001 amendments to the money laundering guidelines, these changes were substantive, not clarifying, and thus do not apply retroactively. *United States v. Aptt,* 354 F.3d 1269, 1276 (10th Cir.2004); *United States v. Descent,* 292 F.3d 703, 707–09 (11th Cir.2002); *United States v. Sabbeth,* 277 F.3d 94 (2d Cir.2002).

The district court did not plainly err by imposing restitution of over two million dollars. The record sufficiently indicates that the court considered Butler's ability to pay. *See United States v. English,* 92 F.3d 909, 917 (9th Cir.1996). Although Butler was experiencing financial difficulty while incarcerated, there was at least "some evidence" in the record that Butler—who possessed a bachelor of science in business management and had previously been employed as CEO of a company that created educational programs for

children—may be able to pay the restitution amount in the future. *United States v. Bachsian,* 4 F.3d 796, 800 (9th Cir.1993); *see also English,* 92 F.3d at 917.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.**