08-1338-cr
*USA v. Amico*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

(Argued:    Tuesday, July 7, 2009                    Decided: July 21, 2009)

Docket No. 08-1338-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

-v.-

ROBERT J. AMICO,

*Defendant-Appellant.*

_____

Before: CALABRESI and HALL, *Circuit Judges*, and SESSIONS, *District Judge.*[1]

_____

Appellant argues that the United States District Court for the Western District of New York (Siragusa, *J.*) erred by not applying retroactively a 2001 amendment to the "gross receipts" provision of the United States Sentencing Guidelines. The District Court's judgment is AFFIRMED.

---

[1] The Honorable William K. Sessions, III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

TERRANCE P. FLYNN, United States Attorney (MONICA J. RICHARDS, Assistant United States Attorney, *of Counsel*), Buffalo, N.Y., *for Appellee.*

J. SCOTT PORTER, Seneca Falls, N.Y., *for Defendant-Appellant.*

PER CURIAM:

Defendant-Appellant Robert J. Amico, pursuant to a plea agreement, pleaded guilty to one count of participating in a continuing financial crimes enterprise, in violation of 18 U.S.C. § 225, and to one count of conspiracy to commit bank and mortgage fraud, in violation of 18 U.S.C. § 371. The parties agreed to apply the 1998 version of the United States Sentencing Guidelines (Guidelines) to Amico's sentencing. The parties disagreed, however, about whether a 2001 amendment to the Guidelines applies retroactively. We join the Seventh, Sixth, and Tenth Circuits in finding that it does not.

Section 2F1.1(b)(7)(B) of the 1998 Guidelines states, in relevant part, that if the offense "affected a financial institution and the defendant derived more than $1,000,000 in gross receipts from the offense, increase by 4 levels." U.S.S.G. § 2F1.1(b)(7)(B) (1998). In 2001, the Sentencing Commission amended this provision to state, in relevant part, that if "the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense, increase by 2 levels." U.S.S.G § 2B1.1(b)(12)(A). If the 2001 Amendment is a clarification, rather than a substantive change, it applies retroactively. *See United States v. Sabbeth*, 277 F.3d 94, 96 (2d Cir. 2002). But like the district court, we adopt the reasoning of the Seventh Circuit in *United States v. Hartz*, 296 F.3d 595, 599 (7th Cir. 2002), which held that the

2001 amendment substantively changes an unambiguous provision and therefore does not apply retroactively. *See also United States v. Swanson*, 360 F.3d 1155, 1167 (10th Cir. 2004) (adopting *Hartz*'s reasoning); *United States v. Monus*, 356 F.3d 714, 718 (6th Cir. 2004) (same).

We have considered all of Amico's claims on appeal, and we find them to be without merit.  Accordingly, the District Court's sentence is AFFIRMED.