**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>    v.<br><br>THUAN HUY HA,<br><br>    Defendant - Appellant. | No. 06-50623<br><br>D.C. No. CR-03-00029-AHS-01<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted July 12, 2010
Pasadena, California

Before: FARRIS, HALL, and SILVERMAN, Circuit Judges.

A jury convicted appellant Thuan Huy Ha of mail fraud in violation of 18

U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(I)

and 1957. The district court sentenced Ha to 168 months imprisonment with three

years supervised release and ordered him to a pay a special assessment of $2,900, a

_____

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

fine of $100,000 and restitution of $1,441,351.54. Ha timely appealed. This court has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

First, the district court did not err in failing to strike Juror Kaplan sua sponte due to Kaplan's alleged biases or past conviction. Although Kaplan stated that he would be "partial" and that his niece's lawsuit against a pharmacist would "affect" him, Kaplan's explanation of his potential prejudices indicated that he was not impermissibly biased. Kaplan explained that he was affected by his niece's experience only insofar as he is very careful when he gets his prescriptions filled. He also noted that he understood the difference between his niece's lawsuit, which involved personal injury, and the charges here, which concerned financial transactions. Although Kaplan stated that he had been charged with a felony, it appears that he was convicted only of a misdemeanor, and regardless, a felon who slips through juror selection is not automatically disqualified in the absence of a showing of bias or prejudice. *See Coughlin v. Tailhook Ass'n*, 112 F.3d 1052, 1059 (9th Cir. 1997).

Of great significance, neither party objected to Kaplan during voir dire. Ha's counsel refrained from challenging Kaplan for cause and opted not to peremptorily strike him. He did, however, choose to strike other prospective jurors. "[W]here as here, no motion was made during jury selection to dismiss the

2

juror in question for cause . . . [defendant] must show that the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the juror] from the jury, even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Ha has not shown that Kaplan's statements overcome this high threshold.

Second, there is sufficient evidence to support Ha's conviction for money laundering, notwithstanding the decisions in *United States v. Santos*, 553 U.S. 507 (2008) and *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009). Ha's conviction does not raise a "merger" problem, whereby the same financial transactions underlying the mail fraud counts form the basis for the money laundering counts. The transfer of funds from the pharmacy accounts to the personal accounts of Ha and co-defendant Hoang—who jointly owned and operated Care Pharmacy—were not a "central component" of the scheme to defraud pharmacy benefit providers. *Van Alstyne*, 584 F.3d at 815. Moreover, the amounts transferred clearly reflect Ha and Hoang's extraction of profits from their scheme and not the use of gross receipts to pay for the costs of the fraud. The money laundering convictions involve transactions that were entirely distinct from the transactions underlying the mail fraud convictions.

Third, the district court did not err in refusing to group the money laundering and mail fraud counts under Section 3D1.2 of the 2000 Sentencing Guidelines. *United States v. Hanley*, 190 F.3d 1017, 1033 (9th Cir. 1999). Although a 2001 amendment to the Guidelines directed courts to group money laundering and mail fraud, it was not a "clarifying" amendment that applied retroactively to Ha's sentence. *See United States v. Morgan*, 376 F.3d 1002, 1010 (9th Cir. 2004). Instead it was integral to a comprehensive, "substantive" change in the Guidelines' approach to money laundering sentencing. *See, e.g.*, *United States v. Aptt*, 354 F.3d 1269, 1276 (10th Cir. 2004); *United States v. Descent*, 292 F.3d 703, 707-09 (11th Cir. 2002); *United States v. Sabbeth*, 277 F.3d 94, 96-98 (2d Cir. 2002).

Lastly, the district court properly imposed an obstruction of justice enhancement under Section 3C1.1 of the Guidelines. There is undisputed evidence that Ha was served with a grand jury subpoena, that he did not comply with it, that the court entered an order compelling him to produce documents, that he did not produce documents, that he was held in contempt, and that he was arrested. The district court did not clearly err in finding by a preponderance of the evidence that Ha wilfully interfered with the investigation of his fraudulent scheme.

**AFFIRMED.**