12-4261-cr
United States v. Brooks

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

————————————

August Term, 2013

(Argued: September 24, 2013                                     Decided: October 16, 2013)

Docket No. 12-4261-cr

————————————

UNITED STATES,

*Appellee*,

-*v.*-

DAREN A. BROOKS, AKA DAREN BROOKS,

*Defendant-Appellant.*

————————————

Before:

LEVAL, HALL, and LOHIER, *Circuit Judges.*

————————————

In sentencing Defendant-Appellant Daren Brooks, the district court applied a prior edition

of the United States Sentencing Guidelines, and declined to apply subsequent Guidelines

amendments that reduced Brooks's base offense level.  The court reasoned that the applicable

Guidelines range under the prior edition of the Guidelines was lower than it was under the then-

current edition, and that the amendments at issue—Amendments 748 and 750—were substantive

rather than clarifying under U.S.S.G. § 1B1.11(b)(2), and thus could not be applied to reduce

Brooks's base offense level.  Because we agree that Amendments 748 and 750 are substantive rather

than clarifying, we AFFIRM the judgment of the district court.

————————————

1

Mark D. Hosken (Jay S. Ovisiovitch, on the brief), Federal Public Defender's Office, Western District of New York, Rochester, NY, *for Defendant-Appellant.*

Monica J. Richards, Joseph J. Karaszewski, Assistant United States Attorneys, for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee.*

—————————————

PER CURIAM:

In June 2010, Defendant-Appellant Daren Brooks pled guilty to possessing with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In imposing a Guidelines sentence of 300 months' imprisonment in October 2012, the district court (Charles J. Siragusa, *Judge*) applied the edition of the United States Sentencing Guidelines (the "Guidelines") that was in effect at the time that Brooks committed the offense, without applying subsequent intervening Guidelines amendments—Amendments 748 and 750—that reduced Brooks's base offense level calculation. The court determined that, despite the amendments at issue, Brooks's total offense level and Guidelines range were lower under the prior (2008) edition of the Guidelines than they were under the then-current 2011 edition, as the latter edition contained certain new specific offense characteristic enhancements, separate from the base offense level calculation, that applied to the offense committed by Brooks. The court further determined that it could not construe the 2008 edition of the Guidelines as entitling Brooks to a reduction in offense level based on the subsequent amendments at issue, because those amendments are substantive rather than clarifying. Brooks challenges the latter determination on appeal. We agree with the district court that Amendments 748 and 750 were substantive rather than clarifying under U.S.S.G. § 1B1.11(b)(2). We therefore AFFIRM the judgment.

Generally, sentencing courts are required to apply the Guidelines Manual in effect on the date that the defendant is sentenced. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a). If, however, "the court determines that use of the Guidelines Manual in effect on the date that the

2

defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1). Once the appropriate edition of the Guidelines has been selected, the sentencing court is generally required to apply that edition in its entirety. *See id.* § 1B1.11(b)(2).

As an exception to the above rule, however, "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." *Id.*; *see also United States v. Kim*, 193 F.3d 567, 578 (2d Cir. 1999) ("A defendant sentenced under one version of the Guidelines may . . . be given the benefit of a later revision if the revision represents not a substantive change but merely a clarification of the Sentencing Commission's prior intent."). "While there are no absolutely clear lines of demarcation between a substantive and clarifying amendment," the following are "important factors" in the relevant inquiry: "(1) the language of the amendment; (2) its purpose and effect; and (3) whether the guideline and commentary in effect at the time of sentencing is consistent with the amended sentencing manual." *United States v. Sabbeth*, 277 F.3d 94, 97-98 (2d Cir. 2002) (internal quotation marks omitted).

The Fair Sentencing Act of 2010 ("FSA") increased the quantities of crack cocaine required to trigger the mandatory minimum sentences set forth under 21 U.S.C. § 841(b). *See* Pub. L. No 111–220, §§ 1–2, 124 Stat. 2372, 2372 (2010). The FSA also authorized the Sentencing Commission to "make such conforming amendments to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guidelines provisions and applicable law." *Id.* § 8, 124 Stat. at 2374. Acting under this authority, the Commission enacted Amendment 748, which modified the Drug Quantity Table under U.S.S.G. § 2D1.1(c) by temporarily reducing the base offense levels for certain crack cocaine offenses in conformity with the mandatory minimum

3

penalties set forth in the FSA. *See* U.S.S.G. App. C, Amend. 748 (2011); *see also id.*, Reason for Amendment ("To account for the[ FSA's] statutory changes, [Amendment 748] conforms the guideline penalty structure for crack cocaine offenses to the approach followed for other drugs, *i.e.*, the base offense levels for crack cocaine are set in the Drug Quantity Table so that the statutory minimum penalties correspond to levels 26 and 32."). The Commission subsequently enacted Amendment 750, which made Amendment 748 permanent. *See* U.S.S.G. App. C, Amend. 750 (2011).

Here, the parties have not disputed the district court's determination that the 2008 edition of the Guidelines, which was in effect at the time that Brooks committed the offense, yields a lower Guidelines range than the 2011 edition, which was in effect at sentencing. With this in mind, we hold that the district court correctly applied the 2008 edition in its entirety, without giving Brooks the benefit of Amendments 748 and 750, which were substantive rather than clarifying. *See* U.S.S.G. § 1B1.11(b)(2). By reducing the base offense levels for certain crack cocaine offenses, Amendments 748 and 750 plainly effected a substantive change in the law rather than merely clarified the Commission's prior intent. *Cf. United States v. Amico*, 573 F.3d 150, 150-51 (2d Cir. 2009) (per curiam) (holding that a 2001 Guidelines amendment that, *inter alia*, decreased an enhancement relevant to fraud offenses from four to two levels was substantive rather than clarifying).

Arguing for a contrary conclusion, Brooks asserts that Amendments 748 and 750 were merely clarifying because they "simply implemented [the FSA's directive] that required the Sentencing Commission to promulgate the Guidelines in accordance with the FSA," and because "[a]ny substantive changes to the law were made by Congress in its creation of the FSA." Appellant's Br. at 19-21. Without more, however, the fact that a Guidelines amendment is implemented pursuant to a congressional directive has no bearing on whether it is substantive or clarifying. Brooks is correct that the FSA in 2010 did make substantive changes to the statutory

4

penalties applicable to crack cocaine offenses. He is also correct that Amendments 748 and 750 made changes in offense levels to conform to the 2010 statute. The purpose of these *substantive* changes was to conform the Guidelines to Congress's 2010 directives, and not to clarify the meaning of the 2008 Guidelines manual. Brooks's arguments are unavailing, and the district court properly declined to apply the 2008 edition of the Guidelines in combination with Amendments 748 and 750.

Finally, we reject Brooks's contention that his 300-month within-Guidelines sentence is substantively unreasonable, as he has not identified a basis for concluding that this sentence was outside "the range of permissible decisions." *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

For the foregoing reasons, the district court's judgment is AFFIRMED.