23-6166-cr (L)
*United States v. Major*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER, JR.,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                          23-6166-cr; 23-6187-cr

CRAIG MAJOR,

> *Defendant-Appellant.*

---

| | |
|---|---|
| FOR APPELLEE: | Stephanie Simon, Assistant United States Attorney (Hagan Scotten, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Edward S. Zas, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments, entered on February 15, 2023, are **AFFIRMED.**

Defendant-Appellant Craig Major appeals from the district court's two judgments: (1) sentencing him following entry of his guilty plea to unlawful possession of ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (2) sentencing him following his admission to violating the terms of his supervised release on a prior conviction. On the former, the district court sentenced Major principally to a term of fifty-one months' imprisonment. On the latter, it sentenced him to a consecutive term of twelve months, yielding a total of sixty-three months' imprisonment. The conviction and supervised release violation both arose from Major's sale of ammunition to a confidential source on January 11, 2022. At the time of the sale, Major was on supervised release in connection with a 2015 federal conviction for conspiracy to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 846, for which he was sentenced to seventy months' imprisonment and four years' supervised release.

On appeal, Major challenges the substantive reasonableness of what he views as a combined sentence of sixty-three months' imprisonment. He argues that this Court should remand this case to the district court to reconsider his sentence in light of amendments to the United States Sentencing Guidelines (the "Guidelines"), U.S.S.G. § 4A.1, that took effect on November 1, 2023. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Substantive Reasonableness

We review a district court's sentencing determination, including for a supervised release

violation, for substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks and citations omitted). A sentencing court abuses its discretion only where a sentence is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks and citations omitted). Therefore, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 122 (2d Cir. 2009) (internal quotation marks and citations omitted). Although there is no presumption that a sentence within the Guidelines range is reasonable, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006).

Major argues that the district court abused its discretion in imposing a combined sixty-three-month sentence because that sentence was greater than necessary to accomplish the goals of sentencing. We disagree.

As a threshold matter, the two sentences must be considered separately, and Major does not appear to raise any independent challenge to the twelve-month sentence for his supervised release violation. A sentence for violating supervised release conditions is "part of the penalty for the initial offense" and thus cannot be considered as belonging to whatever sentence the district court imposes for a new felony conviction arising from that conduct. *United States v. Carlton*, 442 F.3d 802, 809 (2d Cir. 2006). However, even if this Court could properly view these two sentences as one, we would hold that it is substantively reasonable.

3

The fifty-one-month sentence for the unlawful possession of ammunition after having been convicted of a felony was below the advisory range of fifty-seven to seventy-one months' imprisonment. In imposing it, the district court carefully considered the applicable factors under 18 U.S.C. § 3553(a) and explained how those factors supported the sentence. With respect to the nature and circumstances of the crime, the district court noted that Major's unlawful possession of ammunition was "a serious offense." App'x at 127; *see* 18 U.S.C. § 3553(a)(1). With respect to Major's history and characteristics, the district court emphasized Major's "abysmal criminal record," which included two federal controlled substance convictions—a 2007 conviction for possession of narcotics with intent to distribute and the 2015 conviction for narcotics conspiracy— and numerous disciplinary infractions while serving his prior sentences and prior violations of the conditions of supervision. App'x at 127; *see* 18 U.S.C. § 3553(a)(1). The district court noted that "[Major] ha[d] not learned from his prior convictions" and, thus, the district court expressed the "need to promote respect for the law," because "Major does not give a moment's thought to what the law requires when making his decision." App'x at 129; *see* 18 U.S.C. § 3553(a)(2)(A), (B). The district court also specifically considered "the need to protect the public from further crimes" by Major "because there is a long history of continuing – continually committing crimes, continually violating the conditions of supervision." App'x at 130; *see* 18 U.S.C. § 3553(a)(2)(C).

We find Major's arguments as to the unreasonableness of the fifty-one-month sentence to be unpersuasive. He notes that his offense conduct of possessing and selling ammunition deviates from typical Section 922(g)(1) cases, most of which involve a defendant possessing and carrying a firearm. The district court, however, explicitly considered that argument in its sentencing determination. In particular, the district court acknowledged that "maybe selling the [ammunition] is less serious" than selling a gun and was "a somewhat slightly mitigating factor," but then

4

explained that, although it was not Major's intention that anybody be injured, "he was completely indifferent to what the buyer was going to do with that ammunition, and was certainly on notice that in all likelihood it was something bad, and he just didn't care." App'x at 126, 131. Thus, because Major "had absolutely no business having that ammunition in the first place" and "obviously knew that that ammunition was going to be put in a firearm," the district court reasonably determined that this was a "serious offense." App'x at 127, 131.

The twelve-month consecutive sentence for unlawfully possessing ammunition in violation of his supervised release also fell within the advisory range, which was eight to fourteen months' imprisonment. The district court emphasized that such a sentence was necessary to deter Major from committing future violations of supervised release. *See* App'x at 131 (explaining that the twelve-month consecutive sentence was "one possible respect in which I might be able to deter Mr. Major because he will be sitting there that last year thinking, if only I had complied with my supervised release, I would be home by now"). In sum, on this record, neither the fifty-one-month sentence for the underlying conviction nor the consecutive twelve-month sentence on the supervised release violation was outside "the range of permissible decisions," *Rigas*, 583 F.3d at 122, or "shockingly high . . . or otherwise unsupportable as a matter of law," *Broxmeyer*, 699 F.3d at 289.

In sum, it is clear from the record that the district court properly considered the Section 3553(a) factors and, notwithstanding Major's arguments regarding various mitigating factors, reasonably determined in its discretion that a balancing of the Section 3553(a) factors warranted each sentence. Major's disagreements with the district court's balancing of the Section 3553(a) factors raise no proper basis for disturbing the district court's exercise of discretion. *See United States v. Pope*, 554 F.3d 240, 246–47 (2d Cir. 2009) (emphasizing that, in reviewing sentencing

court determinations, this Court "will not second guess the weight (or lack thereof) that the [sentencing] judge accorded to a given factor or to a specific argument made pursuant to that factor"); *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (holding that we do not require "that a particular factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks and citation omitted)).

Accordingly, we conclude that the district court's sentence is substantively reasonable.

## II. The Amended Guidelines

Major also contends that this Court should remand this case to the district court in the interests of justice to reconsider the sentence in light of a November 2023 amendment to U.S.S.G. § 4A.1 that lowered his Guidelines range. *See* U.S.S.G., amend. 821. He argues that the amendment to Section 4A1.1 is "significant because [it] eliminate[s] the longstanding 2-point 'status point' enhancement in criminal history score for those like Major who committed the current offense while on supervised release." Appellant's Br. at 27. According to Major, this reduction in his criminal history score would lower the Guidelines range of imprisonment for his Section 922(g)(1) offense from a range of fifty-seven to seventy-one months to a range of forty-six to fifty-seven months. Thus, Major asserts that, if the district court were permitted to consider the amendment, it would start its analysis "from a lower initial benchmark" and may conclude that a total sentence of less than sixty-three months would be sufficient. Appellant's Br. at 28.

Where the defendant raises an objection for the first time on appeal, this Court "review[s] the sentence only for plain error." *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). Under the plain error standard, the defendant must demonstrate that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [the

defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court's proceedings; and (4) the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and citation omitted).

In general, the sentencing court "must apply the version of the Guidelines in effect on the date of the defendant's sentencing." *United States v. Kilkenny*, 493 F.3d 122, 126 (2d Cir. 2007); *accord United States v. Colon*, 961 F.2d 41, 45 (2d Cir. 1992) ("Congress directed a sentencing court to consider, among other things, the sentencing ranges set forth in the Sentencing Commission's guidelines that 'are in effect on the date the defendant is sentenced.'" (quoting 18 U.S.C. § 3553(a)(4)(A)(ii))). Because the 2023 amendment to Section 4A1.1 at issue here was not in effect at the time of Major's sentencing, there was no plain error by the district court in not considering it.

Moreover, this Court has also made clear that under normal circumstances it "may not, in the first instance, apply post-sentence amendments that embody a substantive change to the Guidelines." *United States v. Jesurum*, 819 F.3d 667, 672 (2d Cir. 2016) (internal quotation marks and citations omitted); *accord Colon*, 961 F.2d at 45 (There exists "sufficient statutory direction . . . to preclude appellate courts, in the first instance, from entertaining requests to apply post-sentence guideline amendments retroactively to cases pending on direct review."). If the amendment, however, is a clarification of the Sentencing Commission's prior intent, this Court must apply the post-sentence amendment. *United States v. Kirkham*, 195 F.3d 126, 131 (2d Cir. 1999); *see also United States v. Kim*, 193 F.3d 567, 578 (2d Cir. 1999) (analyzing Congress's intent in the absence of a statement indicating whether an amendment is a substantive change or clarification). We have repeatedly held that, when an amendment changes the way the Guidelines

7

are calculated, the amendment is a substantive change rather than a clarification. *See, e.g.*, *Jesurum*, 819 F.3d at 672–73 (amendment to Section 2B1.1(b)(2) that eliminated a six-level enhancement for offenses involving 250 or more victims was a substantive change in the law); *United States v. Brooks*, 732 F.3d 148, 150 (2d Cir. 2013) (amendment to Section 2D1.1(c) that reduced the base offense level for certain crack cocaine offenses was substantive); *United States v. Sabbeth*, 277 F.3d 94, 97 (2d Cir. 2002) (amendment to Section 2S1.1 was substantive since it "redefine[d] the way in which the offense level associated with the crime of money-laundering is calculated . . . .").

This 2023 amendment to Section 4A1.1 is likewise a substantive change to the Guidelines. Under Amendment 821, defendants with six or fewer criminal history points no longer receive an additional two "status points" under Section 4A1.1 for committing an offense while on a term of supervised release. *See* U.S.S.G., amend. 821. Thus, this amendment reduces a defendant's criminal history score, rather than simply clarifying the language or intent of the Sentencing Commission. As such, any post-sentence consideration of this amendment to Section 4A.1.1 should not be considered in the first instance by an appellate court on direct review, but should rather be raised in the district court.

Finally, although Major seeks a remand to the district court for consideration of this Guidelines amendment in connection with his sentence, a remand is unnecessary for Major to seek such relief in the district court. Importantly, the Sentencing Commission has made this amendment to Section 4A1.1 retroactive, thereby authorizing eligible defendants to seek a discretionary

sentence reduction under 18 U.S.C. § 3582(c)(2).[1]  *See* U.S.S.G. amend. 825; U.S.S.G. § 1B1.10(d).  Therefore, even without a remand by this Court, Major can seek consideration of that retroactive amendment by filing a motion under Section 3582(c)(2) in the district court.

*        *        *

We have considered Major's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. 3582(c)(2).