15-1339-cr
*United States v. Milhouse*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand sixteen.

PRESENT:  JOSÉ A. CABRANES,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges,*
          JEFFREY ALKER MEYER,
                    *District Judge.*[*]

---

UNITED STATES OF AMERICA,

       *Appellee,*                               15-1339-cr

       v.

ARMANDE MILHOUSE, AKA SEALED DEFENDANT
16, AKA BEATLEJUICE, AKA MILLY,

       *Defendant-Appellant.*[**]

---

**FOR DEFENDANT-APPELLANT:**          Armande Milhouse, *pro se*, Ayer, MA.

---

[*] The Honorable Jeffrey Alker Meyer of the United States District Court for the District of Connecticut, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as set forth above.

**FOR APPELLEE:**                                      Steven D. Clymer, Geoffrey J.L. Brown,
                                                              Assistant United States Attorneys, *for*
                                                              Richard S. Hartunian, United States
                                                              Attorney for the Northern District of
                                                              New York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-appellant Armande Milhouse ("Milhouse"), proceeding *pro se*, appeals from the District Court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, which lowered the base offense levels applicable to most drug crimes under U.S.S.G. § 2D1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if his sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. We review *de novo* a defendant's eligibility for § 3582(c)(2) relief. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

We agree with the District Court that Milhouse is ineligible for a reduction pursuant to § 3582(c)(2). Milhouse pleaded guilty to violating 21 U.S.C. §§ 841(b)(1)(C) and 846 (conspiracy "to distribute and possess with the intent to distribute more than 50 kilograms of marihuana"). The presentence investigation report, which the District Court adopted, stated that Milhouse was a career offender as defined by U.S.S.G. § 4B1.1, and that his guideline sentencing range was therefore 188 to 235 months. The District Court chose to impose a "non-guideline sentence" including 82 months' imprisonment.

A district court may not reduce a sentence pursuant to § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline," as is the case here. U.S.S.G. § 1B1.10 Application Note 1(A); *see* U.S.S.G. § 1B1.10(a)(2)(B). Because Milhouse's guideline range was based on his career-offender status, Amendment 782 did not lower his applicable guideline. *See, e.g.*, *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010). The District Court thus lacked the authority to reduce Milhouse's sentence.[1]

---

[1] As Milhouse points out, the 82-month sentence he actually received was within the range provided by § 2D1.1. We once held that in such situations a district court has authority to reduce a

Milhouse's principal argument on appeal is that, pursuant to *Christie*, 736 F.3d at 197, vacatur and remand are required because the District Court failed to offer any explanation for its denial of his motion. That argument misunderstands *Christie*'s holding. Under *Dillon v. United States*, 560 U.S. 817, 826 (2010), district courts must follow a "two-step inquiry" when deciding motions for a sentence reduction. The court must first determine whether the prisoner is eligible for a reduction. If the prisoner is eligible, the court must then determine, in its discretion, whether a reduction is warranted.

*Christie* concerned only the second of these steps. We held that vacatur and remand are required when "the reasons for the district court's exercise of discretion are not apparent from the record." *Christie*, 736 F.3d at 196; *see also id.* at 194 ("We cannot uphold a discretionary decision unless we have confidence that the district court exercised its discretion and did so on the basis of reasons that survive our limited review." (internal quotation marks omitted)).

This case, in contrast, concerns the first *Dillon* step, and the record permits us to determine that Milhouse was ineligible for a sentence reduction as a matter of law. Accordingly, while it would have been helpful for the District Court to have provided its reasons when it denied Milhouse's motion, we need not remand. *Cf. Christie*, 736 F.3d at 196 ("The failure to state reasons will not always require a remand."). Moreover, the District Court eventually explained its reasoning when it denied reconsideration of its previous decision. *See United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995) (observing that, although a notice of appeal generally divests the district court of jurisdiction, the court can still "act in aid of [the] appeal" by clarifying a previous order (internal quotation marks omitted)).

**CONCLUSION**

We have reviewed the remaining arguments raised by Milhouse on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the order of the District Court. Milhouse's request for a stay or an immediate dismissal of this appeal, so that he may file a motion pursuant to 28 U.S.C. § 2255 in district court, is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

sentence pursuant to Amendment 782. *See United States v. Rivera*, 662 F.3d 166, 181 (2d Cir. 2011). *Rivera*, however, has been abrogated by Amendment 759. *See United States v. Steele*, 714 F.3d 751, 756 (2d Cir. 2013).