17-821
US v. Harris

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13ᵗʰ day of February, two thousand eighteen.

Present:      ROSEMARY S. POOLER,
              ROBERT D. SACK,
              SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

              v.                                          17-821

MENDEECEES HARRIS, AKA One, AKA Uno,[1]

                        *Defendant-Appellant*.

_____

Appearing for Appellant:      Angel Castro (Dawn M. Florio, *on the brief*), New York, N.Y.

Appearing for Appellee:       Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Acting United States Attorney, Western District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Geraci, *C.J.*).

---

[1] The Clerk is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Mendeecees Harris appeals from the March 9, 2017 decision and order of the United States District Court for the Western District of New York (Geraci, *C.J.*), denying his application for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Harris argues that he should receive a reduced sentence under Section 3582 in light of Amendment 794 to the Sentencing Guidelines, which revised the commentary regarding the method to be employed in awarding role adjustments. Harris was sentenced pursuant to a plea agreement, the terms of which specifically provided that he would not receive any role adjustment—either upwards or downwards. "When the issue on appeal is whether a defendant is 'eligible for a reduction in sentence under [Sentencing Guidelines] amendments, pursuant to section 3582(c)(2), we review *de novo* the determination of whether the defendant's sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission, because this determination is a matter of statutory interpretation.'" *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013) (quoting *United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009)). "When a defendant is eligible for resentencing, 'we review a district court's decision to deny a motion under 18 U.S.C. § 3582(c)(2) for abuse of discretion.'" *Id.* (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)).

We agree with the district court that Harris is not eligible for Section 3582 relief as a result of Amendment 794. "Although district courts generally may not modify a term of imprisonment once it has been imposed, if the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 194 (quoting 18 U.S.C. § 3582(c)(2)). Amendment 794 was in effect at the time of Harris's sentencing. Thus his Guidelines range is not one that "has *subsequently* been lowered," as Section 3582 requires. 18 U.S.C. § 3582(c)(2) (emphasis added).

Further, Sentencing Guidelines amendments will create eligibility for Section 3582 relief only where they are listed as retroactive at U.S.S.G. § 1B1.10(d). *Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting that Section 3582 relief is available for "only the amendments listed in subsection" 1B1.10(d)[2]); *see also United States v. Derry*, 824 F.3d 299, 303 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 316 (2016) (finding that sentence modification relief under Section 3582 is only available where the Guidelines range "has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection [1B1.10](d)"). Amendment 794 is not so listed. *See* U.S.S.G. § 1B1.10(d). As a result, Amendment 794 does not provide a basis for relief on a Section 3582 motion.

---

[2] At the time of *Dillon*, the subsection was § 1B1.10(c), but it has since been amended, and the applicable list provision is now subsection (d).

Harris argues that we should overlook the fact that Amendment 794 is not listed as retroactive, because the amendment is clarifying rather than substantive. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). However, the 'clarification' inquiry applies where a defendant seeks sentencing modification on direct appeal, or is sentenced under a particular version of the Guidelines for reasons not present here, such as ex post facto concerns. *See* U.S.S.G. § 1B1.11(b)(2) ("[I]f a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes."); *see also United States v. Sabbeth*, 277 F.3d 94, 96 (2d Cir. 2002) ("[A] defendant sentenced under one version of the Guidelines may be given the benefit of a later revision if the revision represents not a substantive change but merely a clarification of the United States Sentencing Commission's prior intent."); *United States v. Brooks*, 732 F.3d 148, 149 (2d Cir. 2013). On a Section 3582 motion, however, the statutory authorization to modify a sentence is "narrow," and, accordingly, we may look to "only the amendments listed in subsection" § 1B1.10 (d) to provide a basis for relief. *Dillon*, 560 U.S. at 827; *see also United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997) ("§ 3582 is inapplicable" when an "amendment is not listed" at U.S.S.G. § 1B1.10(d)), which "governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2)"). Accordingly, the clarification analysis Harris suggests is not relevant to the determination of whether Harris is eligible for Section 3582 relief.

We have considered the remainder of Harris's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk