17-3082-cr
United States v. Kergil

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand eighteen.

PRESENT:   REENA RAGGI,
                      GERARD E. LYNCH,
                      CHRISTOPHER F. DRONEY,
                                 *Circuit Judges*.

————————————————————————

UNITED STATES OF AMERICA,

                            *Appellee*,

            v.                                                                17-3082-cr

JAMES KEVIN KERGIL,

                            *Defendant-Appellant*,

Michael Binday, Mark Resnick,

                            *Defendants*.[*]

————————————————————————

FOR APPELLEE:                            SARAH KATHLEEN EDDY, Assistant United
                                                        States Attorney for the Southern District of

---

[*] The Clerk of the Court is directed to amend the caption as shown above.

New York, New York, NY, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

FOR DEFENDANT-APPELLANT: JONATHAN J. EINHORN, Law Office of Jonathan J. Einhorn, New Haven, CT

On appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

James Kevin Kergil appeals the district court's order denying his motion for a sentence reduction under Amendments 792 and 794 to the United States Sentencing Guidelines. A short summary of the case's procedural background is included to explain our decision, but we otherwise assume the parties' familiarity with the facts and record of prior proceedings. For the reasons stated below, we affirm the district court's decision.

I.      Background

On October 7, 2013, Kergil was convicted by a jury of conspiracy to commit mail and wire fraud under 18 U.S.C. § 1349, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to obstruct justice under 18 U.S.C. § 1512(k). The district court sentenced him to 108 months' imprisonment and also ordered criminal forfeiture, restitution, and a period of supervised release. Kergil appealed his convictions, claiming, among other things, that his sentence was substantively unreasonable and that the district court improperly instructed the jury as to one count. On October 26, 2015, we affirmed Kergil's conviction and sentence. *United States v. Binday*, 804 F.3d 558, 600 (2d Cir. 2015).

Two years later, Kergil filed a motion requesting relief under 18 U.S.C. § 3582(c)(2) in light of Amendments 792 and 794 to the United States Sentencing Guidelines. Amendment 792 modified the Guidelines definition of "intended loss" to resolve a split among the Courts of Appeals. U.S. SENTENCING GUIDELINES MANUAL supp. to app. C (U.S. Sentencing Comm'n 2004). Amendment 794 provided additional guidance on mitigating role adjustments. *Id.*

The district court denied Kergil's motion. The court first found that Amendments 792 and 794 do not apply retroactively on collateral review because they were not listed in U.S.S.G. § 1B1.10(d). Second, the court held that even if they did apply retroactively, neither amendment would provide Kergil relief as the sentencing court calculated Kergil's

2

guidelines range using an actual, rather than intended, loss analysis and because Kergil was a principal organizer of his underlying offenses. This timely appeal followed.

II.    Discussion

We are presented with one question on appeal: Pursuant to § 3582(c)(2), is Kergil entitled to a retroactive sentencing reduction under Guidelines Amendments that are not classified as retroactively applicable in U.S.S.G. § 1B1.10(d). We conclude that he is not.

We review a defendant's eligibility for a sentencing reduction under 18 U.S.C. § 3582(c)(2) *de novo*, but when a defendant is eligible for a reduction, we review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Christie*, 736 F.3d 191, 195 (2d Cir. 2013). A district court may not "modify a term of imprisonment" pursuant to Section 3582(c)(2) unless at least two conditions are met: (1) the defendant has been sentenced under "a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.* The relevant policy statements provide that a sentencing reduction "is not authorized under 18 U.S.C. § 3582(c)(2)" if the amendment in question is not "listed in [U.S.S.G. § 1B1.10(d).]" U.S.S.G. § 1B1.10(a)(2)(A). "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon v. United States*, 560 U.S. 817, 826 (2010); *see also United States v. Rivera*, 662 F.3d 166, 171 (2d Cir. 2011) ("[A] sentence reduction 'under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection [(d) of § 1B1.10] that lowers the applicable guideline range.'") (quoting § 1B1.10 cmt. n.1(A)), abrogated on other grounds by *United States v. Milhouse*, 655 F. App'x 20, 22 n.1 (2d. Cir. 2016).[2]

Because Amendments 792 and 794 are not listed in § 1B1.10(d), neither can be the basis for retroactive relief under § 3582(c)(2). *See United States v. Harris*, 711 F. App'x 61, 62 (2d Cir. 2018) (finding that "Amendment 794 does not provide a basis for relief on a Section 3582 motion"); *United States v. Ventura-Nieves*, 718 F. App'x 93, 94 (2d Cir. 2018) (same); *see also United States v. Presendieu*, 880 F.3d 1228, 1248 (11th Cir. 2018) (explaining that Amendment 792 "does not appear in the list of amendments made retroactive in § 1B1.10(d)").

Kergil also maintains that the amendments are "clarifying" rather than substantive, and therefore available bases for retroactive relief under U.S.S.G. § 1B1.11(b)(2) even if not under § 3582(C). Section 1B1.11(b)(2) instructs that "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the

---

[2] A prior version of § 1B1.10 listed retroactive amendments in subsection (c). The statute has since been amended and the relevant subsection is now (d).

extent that such amendments are clarifying rather than substantive changes." But relief under § 1B1.11(b)(2) is only available on direct appeal. *See Harris*, 711 F. App'x at 62 (holding that Amendment 794 is clarifying an "applies retroactively in *direct appeals*") (emphasis added); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (holding that Amendment 794 is clarifying and applying it retroactively on direct appeal).

In sum, where a defendant, such as Kergil, seeks relief on collateral review under § 3582(c)(2), we may retroactively apply only those Guidelines amendments available under § 1B1.10(d). Because neither Amendment 792 nor Amendment 794 is listed in subsection (d), we may not apply either to reduce Kergil's sentence.[3]

We have considered Kergil's remaining claims and find them without merit. The district court's order is thus AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[3] Even if Amendments 792 and 794 were applied retroactively, however, Kergil still would not be eligible for a reduction under either Amendment. Section 3582(c)(2) allows for a modification where "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." Neither Amendment would affect Kergil's guideline range: Kergil's sentence was not based on a calculation of *actual loss*, so that a chance in the method for calculating *intended* loss is irrelevant to his guideline range, and the district court—comparing his role only to that of other involved in the crimes of conviction—found that he played a managerial role in the offense and thus qualified for an aggravating role adjustment so that a change in the method for determining mitigating roles similarly would have no effect on that range. *Binday*, 804 F.3d at 564–69 (explaining that Kergil's sentence relied on an actual loss analysis and his substantial role in the offenses of conviction).

4