*United States v. Mahmoud (Martinez)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:   DENNIS JACOBS,
                        ROBERT D. SACK,
                        PETER W. HALL,
                                    *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                        v.                                                                No. 18-758-cr

AHMED M.M. MAHMOUD, AKA MUHAMMAD AHMED, EDWIN PEREZ, WILSON DE LA CRUZ, KEITH PEREZ, AKA KIKO, VICTOR PEREZ, ELBA PEREZ, FELIX AYALA,

                        *Defendants*,

RAFAEL MARTINEZ,

                        *Defendant-Appellant*.
_____

For Appellant:                                        Louis V. Fasulo, Fasulo Braverman & DiMaggio, LLP, New York, NY

For Appellee:                                    Jane Kim, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Rafael Martinez appeals from the February 26, 2018 decision and order of the United States District Court for the Southern District of New York (Buchwald, *J.*), denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Martinez moved for a reduction in sentence based on Amendment 794 to the United States Sentencing Guidelines, which revised the commentary regarding the application of role adjustments under U.S.S.G. § 3B1.2.  Under § 3582(c)(2), a sentencing court may reduce a defendant's term of imprisonment if it was based on a guideline range subsequently lowered by the Sentencing Commission.  In order to be eligible for relief under § 3582(c)(2), however, a defendant must establish that his sentence was lowered by an amendment to the Sentencing Guidelines that is listed as retroactive in U.S.S.G. § 1B1.10(d).  *See* U.S.S.G. § 1B1.10; *see also United States v. Derry*, 824 F.3d 299, 303 (2d Cir. 2016) ("A defendant is [] eligible for a modification if he has been sentenced to a term of imprisonment based on a guideline range that has subsequently been lowered by an enumerated, *retroactive* amendment, and the guideline range

2

applicable to him has been lowered as a result." (emphasis added) (internal quotation marks omitted)).

Martinez contends that even though Amendment 794 is not listed as retroactive in § 1B1.10(d) it should be applied retroactively because the amendment is clarifying rather than substantive. *United States v. Sabbeth*, 277 F.3d 94, 96 (2d Cir. 2002) ("[A] defendant sentenced under one version of the Guidelines may be given the benefit of a later revision if the revision represents not a substantive change but merely a clarification of the United States Sentencing Commission's prior intent." (quoting *United States v. Kim*, 193 F.3d 567, 578 (2d Cir. 1999)) (internal quotation marks and ellipses omitted)).

We typically engage in the clarification analysis on direct appeal or when there are *ex post facto* concerns. *See, e.g.*, *United States v. Harris*, 711 F. App'x 61, 62 (2d Cir. 2018) (summary order). On a § 3582(c)(2) motion, however, the statutory authorization to modify a sentence is "narrow," and, accordingly, we may look to "only the amendments listed" in subsection § 1B1.10(d) to provide a basis for relief. *Dillon v. United States*, 560 U.S. 817, 827 (2010); *see also United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997) (finding "§ 3582 is inapplicable" when an "amendment is not listed" at U.S.S.G. § 1B1.10(d), which "governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2)"). Therefore, "Amendment 794 cannot provide a basis for relief under 18 U.S.C. § 3582(c)(2) because it is not listed as a retroactive amendment under U.S.S.G. § 1B1.10(d)." *United States v. Ventura-Nieves*, 718 F. App'x 93, 94 (2d Cir. 2018) (summary order).

Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3